**Electronically Filed
Intermediate Court of Appeals
28816
09-FEB-2011
09:52 AM**

NO. 28816

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JOHN BREEDEN, an individual, Plaintiff-Appellant, v.
RICHARD ACHESON, individually, and in his capacities as,
Trustee of The Pat-Wil Irrevocable Family Trust dated
December 27, 1991, aka the Pat-Wil Irrevocable Trust,
aka the Pat-Wil Trust; as an Officer and Director
of Clean Air Technology, Inc., a Delaware corporation,
as an Officer and Director of Creative Telecommunications,
Inc., a Nevada corporation, as an Officer and Director
of Emissions Testing Services, Inc., a California
corporation; and as an Officer and Director of Applied
Technology Solutions, Inc., a Nevada corporation;
THE PAT-WIL IRREVOCABLE FAMILY TRUST, aka the Pat-Wil
Irrevocable Trust, aka, the Pat-Wil Trust, a
Nevada Trust dated December 27, 1991, Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 04-1-175K)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Plaintiff-Appellant, John Breeden (**Breeden**), appeals from the Circuit Court of the Third Circuit's (**Circuit Court**) September 27, 2007 Final Judgment (**Judgment**), which entered judgment in favor of Defendants-Appellees Richard Acheson (**Acheson**) and the Pat-Wil Irrevocable Family Trust (**Pat-Wil Trust**) (collectively, **Appellees**).[1]

---

[1] The Honorable Elizabeth A. Strance presided.

On appeal, Breeden raises 12 points of error, contending that the Circuit Court erred when it granted two defense motions for partial summary judgment and entered judgment against Breeden on each of the four counts of the Amended Complaint, which sought damages for alleged fraud, misrepresentation, breach of fiduciary duty, and conversion.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Breeden's contentions as follows:

(1)   The Circuit Court did not err when it excluded certain portions of the June 2006 and April 2007 declarations made by Breeden and his attorney, Francis Jung (**Jung**), on hearsay and/or authentication grounds pursuant to Hawaiʻi Rules of Evidence (**HRE**) Rules 801, 802, 901, 902 and 1002.  The subject declarations attested to certain statements purportedly made by an arbitrator in a related arbitration matter,[2] and statements by William Simmons (**Simmons**) and Gary Vancil (**Vancil**) in the arbitration proceeding.[3]  We reject Breeden's argument that the out-of-court statements were not hearsay because they were not offered for the truth of the matter asserted.  The alleged statements were offered as evidence of what they said regarding, *inter alia*, "Acheson's offices" having faxed copies of two secured promissory notes to Vancil, who then provided them to the arbitrator.  In short, Breeden sought to show that Acheson provided purportedly false copies of the promissory notes, which was a key underpinning of the allegations in Counts I and II.

_____

[2]   As it was unclear whether the declarations referenced an oral ruling by the arbitrator, or a written ruling, the Circuit Court excluded the averment concerning the arbitrator's ruling, alternatively, based on the best evidence rule.  See HRE Rule 1002.  On appeal, Breeden argues only that the declaration statements were not hearsay.

[3]   Although Breeden refers to Vancil as Acheson's counsel, Acheson was not a party to the federal-court-ordered arbitration and there is no evidence in the record that Vancil was Acheson's counsel.

The statements in question were offered for the truth of the matter asserted and constituted impermissible hearsay.

(2) The Circuit Court did not err when it concluded that Breeden failed to demonstrate that there was a genuine issue of material fact as to (a) his detrimental reliance on alleged misrepresentations concerning information provided by Appellees and (b) resulting damages. First, Counts I and II are based on Breeden's assertion that Acheson gave the arbitrator a falsified copy of a certain promissory note. There is no competent evidence supporting that assertion. In addition, Breeden failed to submit any evidence tending to show that he reasonably relied on such representations, particularly given the circumstances of the federal litigation and the arbitration, and failed to submit any evidence of damages stemming from the alleged misrepresentation, i.e., that his inability to recover on the arbitration award stemmed from the purported misrepresentation concerning the nature of a certain promissory note.

(3) Breeden argues that the Circuit Court erred when it applied the Delaware statute of limitations, rather than the Hawai'i statute of limitations, to Counts III (breach of fiduciary duty) and IV (conversion). Count III concerns the relationship between Acheson, as an officer and director of Clean Air Technology, Inc. (**CATI**) and its subsidiaries, and Breeden, as a shareholder and legal claimant/creditor of CATI, and legal claimant/creditor of CATI's subsidiaries.[4] With respect to the duty owed to Breeden as a shareholder of CATI, Breeden's breach of fiduciary claim deals with the "internal affairs" of a corporation, which are the "relations inter se of the corporation, its shareholders, directors, officers or agents[.]" See RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 302, comment a (2010).

---

[4] Although the breach of fiduciary duty count refers broadly to the CATI Group, the averments of the First Amended Complaint do not allege that Breeden is a shareholder in any of the entities other than CATI.

The U.S. Supreme Court has recognized the "internal affairs doctrine," which provides that "the law of the state of incorporation normally determines issues relating to the internal affairs of a corporation." First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba, 462 U.S. 611, 621 (1983) (citations omitted); Edgar v. MITE Corp., 457 U.S. 624, 645 (1982); see also RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 309 (2010). The "internal affairs" of a corporation include "matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders[.]" Edgar, 457 U.S. at 645 (citations omitted). Applying the local law of the state of incorporation "achieves the need for certainty and predictability of result while generally protecting the justified expectations of parties with interests in the corporation." First Nat'l City Bank, 462 U.S. at 621. This result is consistent with Hawai'i conflict-of-law rules. See Mikelson v. United Servs. Auto. Ass'n, 107 Hawai'i 192, 198, 111 P.3d 601, 607 (2005) (placing primary emphasis on which state has the strongest interest in seeing its laws applied to a particular case). Under the particular facts of this case, Delaware has the strongest interest in applying its laws to fiduciary obligations of the corporate officers and directors of CATI, a corporation organized under its laws.

With respect to the alleged duty owed to Breeden as a legal claimant/creditor of CATI and CATI's subsidiaries, even if the Hawai'i statute of limitations was applied, as the Circuit Court concluded, the record does not support a finding that Breeden "suffered any injury or resulting damages from the workout and a resulting settlement agreement that led to the foreclosure on CATI's assets in May of 1999." Breeden has failed to demonstrate how Acheson's conduct caused injury to Breeden in light of CATI's insolvency and the undisputed security interests in the subject corporate assets.

4

In Count IV, Breeden alleges that Acheson and the Pat-Wil Trust wrongfully converted CATI's assets, which Breeden had a superior right to as a judgment creditor. Count IV does not involve the "internal affairs" of CATI because it does not pertain to the relationship of a director of a corporation and a shareholder of that corporation. Delaware's interest in applying its laws to Breeden's conversion claim is not strong. Hawai'i on the other hand, has a strong interest in protecting its citizen, Breeden, from the purported conversion of assets he claimed to have an interest in, at least some of which were alleged to be in Hawai'i. Accordingly, we conclude that the Hawai'i statute of limitations must be applied to the conversion claim in Count IV.

(4) Under Delaware law, a three-year statute of limitations applies to the breach of fiduciary claim in Count III arising from Breeden's status as a shareholder in CATI. See Fike v. Ruger, 754 A.2d 254, 260 (Del. Ch. 1999); 10 Del. C. § 8106. On appeal, Breeden does not challenge the Circuit Court's conclusion that, absent any tolling, the statute of limitations began to run no later than May 4, 1999. Instead, Breeden argues that, based on Acheson's alleged fraudulent concealment of certain promissory notes, the statute of limitations should be tolled. We cannot conclude, however, that the Circuit Court erred when it concluded that Breeden failed to bring forward evidence raising a genuine issue of material fact on this issue.

(5) Although we conclude that Count IV (conversion) is not time-barred under Hawai'i's six-year statute of limitations, the Circuit Court did not err when it granted summary judgment against Breeden on this count. As noted above, Count IV alleges that Appellees wrongfully converted CATI assets and thereby interfered with Breeden's "superior claim of right" as a "judgment creditor of CATI." As stated in Section 222A of the RESTATEMENT (SECOND) OF TORTS: "Conversion is an intentional exercise of dominion or control over a chattel which so seriously

5

interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." Breeden has cited no legal authority stating that a judgment creditor is entitled to "control" a corporation's assets. Moreover, it appears that Breeden has alleged that Acheson wrongfully converted CATI's assets on or about April 29, 1999 and May 4, 1999. However, Breeden did not perfect a judgment against CATI until May 7, 2002. Therefore, even assuming a judgment creditor has a right to control a judgment debtor's assets, Breeden was not a judgment creditor at the time of the alleged conversion.

For these reasons, the Circuit Court's September 27, 2007 Judgment is affirmed.

DATED: Honolulu, Hawai'i, February 9, 2011.

On the briefs:

Francis L. Jung
Usha Kilpatrick-Kotner
for Plaintiff-Appellant

Robert G. Klein
R. John Seibert
Lisa W. Cataldo
for Defendants-Appellees
RICHARD ACHESON and THE
PAT-WIL IRREVOCABLE FAMILY
TRUST

Presiding Judge

Associate Judge

Associate Judge